Patrick **BUFALO**, Appellant,

v.

**STATE of Missouri**, Respondent.

No. 42746.

Missouri Court of Appeals, Eastern District, Division Three.

March 10, 1981.

Robert C. Babione and Richard Burke, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto and John C. Reed, Asst. Attys. Gen., Jefferson City, George Peach, St. Louis, for respondent.

CLEMENS, Senior Judge.

This appeal is from a judgment summarily denying movant's second Rule 27.26 motion.

In 1977 a jury found defendant-movant Patrick Bufalo guilty of a narcotic offense and on appeal the judgment was affirmed. *State v. Bufalo,* 562 S.W.2d 114.

Thereafter, on October 12, 1978 movant filed his *first* Rule 27.26 motion, requesting appointment of counsel[1] and an evidentiary hearing. The trial court filed an extended memorandum and on October 17, 1978 summarily denied defendant's motion. Defendant did not appeal.

Next, on January 8, 1980 defendant filed his *second* Rule 27.26 motion and counsel was appointed for him. The state promptly moved to dismiss on the ground it was a successive motion barred by Rule 27.26(d). After hearing counsel's argument the trial court again filed a memorandum and sustained the state's motion. Defendant has appealed.

By defendant's sole point relied on he contends the trial court erred in dismissing his second motion to vacate because in preparing his first motion the prison's restrictive conditions limited his access to paralegal assistance and a law library, thereby denying him access to the court by a Rule 27.26 motion which adequately stated the issues in an orderly manner.

Defendant acknowledges that on this second motion to vacate he has the burden of showing that the newly asserted grounds

---

1. This motion and its denial preceded *Fields v. State,* Mo., 572 S.W.2d 477 (1978), which pro- spectively required appointment of counsel.

could not have been raised in his first motion.

Defendant's second motion alleged ineffective assistance of counsel in refusing to permit him to testify and, in his words, conducted himself in a manner prejudicial to defendant. We find this present complaint concerning the trial was, as the trial court found, a matter obviously known to defendant when he filed his first motion. He has not sustained his burden. Compare *Blaine v. State*, 603 S.W.2d 109 (Mo.App. 1980).

Defendant also now argues that on his jury trial the court erred in jury instructions and in condoning "prosecutorial misconduct." Since these grounds not only concern trial errors but were not raised in defendant's first Rule 27.26 motion, defendant "... is thus doubly precluded from raising these [two] grounds in a collateral attack on his conviction." *Cochran v. State*, 545 S.W.2d 710[2] (Mo.App.1976).

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.