STATE of Missouri,
Plaintiff-Respondent,

v.

Robert TAYLOR, Defendant-Appellant.

No. 42412.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 3, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 16, 1981.

Gail Gaus, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

GUNN, Judge.

Defendant was convicted of first degree robbery. His appeal alleges the following errors: (1) comments and questions by the prosecutor during voir dire; (2) failure to instruct on the lesser or included offense of assault in the third degree; (3) improper closing argument by the prosecutor. We affirm.

As the victim exited her automobile to visit a friend in west St. Louis, she was accosted by a man positively identified as the defendant, who, at gunpoint demanded her purse. When the victim clutched her purse in fear, her assailant shot her, beat her about the head with his gun and then

fled with his malgained lucre. Later the defendant was identified from photos and a lineup as the victim's assailant. His defense was alibi. The jury found him guilty of robbery first degree and assessed his punishment at 15 years' imprisonment.

■ Defendant's first point on appeal is directed to the voir dire. Specifically, defendant complains of the prosecutor's reference to the fact that robbery is a serious crime; that the law requires imposition of a sentence between ten and thirty years or life; and of his comments on the state's burden of proof and the standard of reasonable doubt. Defendant argues that the prosecutor's conduct was to push for a commitment from the venire panel before hearing evidence, observing that, in fact, two prospective jurors were excused for cause after the voir dire.

We have reviewed the record most carefully and note that comments by the prosecutor were not improper statements of the law and were, at most, harmless error. *See, e.g., State v. Hurst*, 612 S.W.2d 846, 852 (Mo.App.1981), and *State v. Van*, 543 S.W.2d 827, 830 (Mo.App.1976), holding that the prosecutor's comment on the burden of proof was harmless. Applying the precept that the control and conduct of the voir dire is within the substantial discretion of the trial court, *State v. Olinghouse*, 605 S.W.2d 58, 68 (Mo.banc 1980), we find that there was no abuse of discretion in the trial court's handling of the voir dire. We find the situation in this case to be similar to *State v. Simmons*, 602 S.W.2d 13, 16 (Mo. App.1980), in which the prosecutor's comments were not regarded as an attempt to define reasonable doubt or to inform the jury as to the law but merely involved a discussion of it. *Accord, State v. Hammond*, 578 S.W.2d 288, 290 (Mo.App.1979). It is axiomatic that the prosecutor should not argue questions of law to the jury. *State v. Cass*, 614 S.W.2d 784, 786 (Mo.App. 1981). But that is not the case here. The jury was not misled into a belief—false or otherwise—of the law. *State v. Roberts*, 615 S.W.2d 496, 497 (Mo.App.1981).

■ Defendant next argues that the trial court should have instructed on the lesser or included offense of assault in the third degree, § 565.070, RSMo 1978. As a response to this argument, the state asserts § 556.-046.2, RSMo 1978 which provides:

> The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense.

In this case, the defendant shot and beat the victim with a gun in the course of stealing her purse. His actions made for robbery in the first degree, § 569.020, RSMo 1978, and there was no basis for acquitting him of that offense. Hence, there was no basis for an instruction on third degree assault, as the evidence does not support such an instruction. *State v. Brandon*, 606 S.W.2d 784, 787 (Mo.App. 1980); *State v. Mays*, 598 S.W.2d 613, 616 (Mo.App.1980). Under the circumstances of this case and applying § 556.046.2, the trial court did not err in refusing to give defendant's offered lesser or included offense instruction, for proof of defendant's guilt of first degree robbery was strong and substantial. *State v. Hill*, 614 S.W.2d 744, 749 (Mo.App.1981); *State v. Harris*, 598 S.W.2d 200, 203 (Mo.App.1980); *State v. Laususe*, 588 S.W.2d 719, 721 (Mo.App.1979).

Defendant's final point concerns the prosecutor's closing argument. In it, the prosecutor stated that the jury would assess the punishment but that the judge would physically sentence the defendant. Objections were sustained to the comments. The prosecutor twice mentioned that the victim could possibly have been killed; one objection was sustained, another was overruled. Some aspersions were cast about some of defendant's alibi witnesses and on occasion, the prosecutor expressed his personal opinion as to his belief in the truth of certain witnesses' testimony. All in all, the argument was not a paradigm to follow.

■ However, the prosecutor is allowed wide latitude in the course of argument, and the trial court possesses the best

coign of vantage to determine the impact and impropriety of argument and whether prejudicial error results. *State v. Linder*, 613 S.W.2d 918, 926 (Mo.App.1981). After a review of the total argument, we find no abuse of the trial court's discretion in its rulings on the prosecutor's argument. *State v. Moore*, 620 S.W.2d 370, 373 (Mo. banc 1981); *State v. Strubberg*, 616 S.W.2d 809, 818 (Mo.banc 1981); *State v. Beatty*, 617 S.W.2d 87, 93 (Mo.App.1981). In context, the latter remarks of the prosecutor were no more than comments on the credibility of the witnesses and were not beyond permissible bounds. *State v. Brueckner*, 617 S.W.2d 405, 410 (Mo.App.1981); *State v. Heinz*, 607 S.W.2d 873, 880 (Mo.App.1980).

Judgment affirmed.

DOWD, P. J., and SIMON, J., concur.