**STATE of Missouri, Respondent,**

v.

**James FERGUSON, Appellant.**

**No. WD 33795.**

Missouri Court of Appeals,
Western District.

March 15, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and
Denied May 3, 1983.

Benjamin D. Entine, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P.J., and MANFORD and NUGENT, JJ.

MANFORD, Judge.

This is a direct appeal from a jury conviction for robbery, first degree, in violation of § 569.020, RSMo 1978. The judgment is affirmed.

Appellant presents three points, which in summary charge the trial court erred (1) in overruling his objection to a statement by the prosecution involving his failure to call a defense witness; (2) in overruling his objection to the prosecution's allegation during closing argument that a defense witness lied; and (3) in overruling his motion to quash the jury panel upon his allegation of the systematic exclusion of blacks from jury service in Jackson County, Missouri.

The sufficiency of the evidence is not challenged, and therefore a brief summary of the facts suffices. At approximately 9:30 a.m. on August 5, 1981, an employee of a local vending company drove his van to the Old American Insurance Company in Kansas City, Missouri. After servicing the vending machines inside the building and removing the monies from the machines, the employee returned to his van. In approaching his van, the employee observed appellant at another vehicle. Appellant appeared to be having difficulty unlocking the vehicle. The employee placed his goods and equipment in the rear of his van. He closed and locked the rear doors and proceeded to the door on the right side of the van. He opened the door, heard footsteps, turned to see appellant with a handgun, and was ordered inside the van by appellant. (The victim made a positive identification of appellant as the person who robbed him.) The victim complied. He was bound hand and foot, and appellant removed some $3,000–$3,500 from the safe in the van and left the scene in another vehicle. The victim could not describe the getaway vehicle as he remained tied in the van. An employee of the Old American Insurance Company observed a vehicle in a no-parking space at the company parking lot. This employee committed the license number of this vehicle to memory. The license number and general description of this vehicle fit the description of appellant's personal vehicle. Appellant's vehicle was taken into possession by authorities after they stopped appellant's wife later the same morning.

The defense was alibi. A next-door neighbor of appellant's testified to seeing appellant's vehicle in front of appellant's house about 10:00 a.m. Appellant's wife testified that she had observed the vehicle parked in front of their residence. Appellant testified that he and a life-long friend (Bradlee) had left appellant's house at about 7:30 a.m. Their purpose was to look at a construction job. Appellant then testified that Bradlee took him to a local auto repair shop. Bradlee dropped appellant at the auto shop where appellant claimed that he remained until about 12:30, and was

again picked up by Bradlee. An employee of the auto shop, while he could not be definite of the date, testified as to the day in question that appellant was at the auto shop during the morning of the robbery. Appellant denied having committed the offense. With counsel, appellant surrendered to authorities. The evidence closed. The jury returned its verdict. This appeal followed the entry of judgment, sentencing and the overruling of timely filed after-trial motions.

Under his first point, appellant charges that the trial court erred in overruling his objection to the comment by the prosecution concerning appellant's failure to call James Bradlee as a witness. It is observed from appellant's brief that he does not even specify that portion of the argument to which he objected, but nonetheless, this court has carefully reviewed the entire record, including the final arguments, as is done in every case, and the following is found and further presumed to be the portion of the state's argument to which appellant's complaint is lodged:

"Consider something very important; James Bradlee. James Bradlee, the man who grew up with him, the man who could tell you where he was that morning, James Bradlee did not testify in this case. Mr. Handley, I object to that. James Bradlee was equally available. The prosecution has interviewed him. They could have called him if they so desired."

A conference at the bench was requested, and following the conference, the objection was overruled. Then the following is found:

"MR. HALL: Okay. Consider that Mr. Bradlee is the boyhood friend of this gentleman, that Mr. Bradlee is the one who could tell us the times of that day, that Mr. Bradlee was either driving that car or not driving that car, the green Chevy, or whatever other car he might have been driving. Where is he?

Ladies and gentlemen, you may infer by the absence of James Bradlee that if he were called to testify, he would give testimony unfavorable to that defendant.

MR. HANDLEY: I'd again object, Your Honor, for the same reason as before.

THE COURT: The objection is overruled."

Upon the foregoing, appellant argues that the prosecution's comment created an improper or unfavorable inference of appellant's guilt in derogation of his right of presumed innocence. Appellant cites to the dissent in *State v. Moore,* 620 S.W.2d 370 (Mo. banc 1981). He further cites *Estelle v. Williams,* 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976) and *Charles v. State,* 573 S.W.2d 139 (Mo.App.1978). Appellant contends, "Allowing a prosecutor to comment on the defendant's failure to come forth with certain evidence relieves him of this responsibility to some degree." Citing to the evils illustrated by the dissents in *Moore,* appellant claims that the precise same result occurred in the instant case. This court cannot agree.

 Although the contrary is suggested by appellant, the burden of proof does not shift to an accused when the state relies upon the rule which permits an unfavorable inference from the failure of an accused to call an available witness. The state must still carry its burden of proof upon the evidence to prove the guilt of an accused beyond a reasonable doubt. What occurred here was not a "shift of the burden", but rather, appellant had offered an alibi defense which included his claim of having been with his good friend James Bradlee during the time and at a location other than the place of the alleged offense. The comment by the prosecution shows it was rebuttal to appellant's claimed alibi defense. The comment on the failure of an accused to call available witnesses expected to be favorable is proper and acceptable. *Moore, supra; State v. Heinz,* 607 S.W.2d 873, 880 (Mo.App.1980) and *State v. Sanders,* 619 S.W.2d 344, 347 (Mo.App.1981). The propriety of closing argument is within the broad discretion of the trial court and the exercise of that discretion will be interfered with only where the argument is "plainly unwarranted." *Moore, supra,* at 373.

There is no showing of any abuse of discretion by the trial court and the comment by the prosecution was acceptable within the rule in *Moore, Heinz,* and *Sanders.*

There is no merit to appellant's point (1) and it is ruled against appellant.

Under his point (2), appellant charges that the trial court erred to his prejudice when the court overruled his objection to that portion of the prosecution's closing argument which accused a defense witness of lying. The challenged portion reads as follows:

> "Ladies and gentlemen, you've heard the testimony of that officer, that that car was in the driveway, and that the wife said that he had been home all day. This shows the wife was lying. It's understandable, and yet their whole alibi is based on the testimony of the wife, who without question, lied.
>
> MR. HANDLEY: I object to that characterization, Your Honor.
>
> THE COURT: Overruled. This is argument."

From the foregoing, appellant argues that his wife was an alibi witness for him and that her testimony was "extremely important to the defense case." From that, appellant concludes that the prosecutor's comments were inflammatory, beyond the bounds of professional decorum, and prejudicial.

The control of closing argument lies within the discretion of the trial court. The challenged argument, when viewed along with the remainder of the state's argument, reflects that the comments about appellant were made in comparison with testimony of a police officer. There is nothing which prohibits a prosecutor from commenting upon the truth or falsity of the testimony of a witness, and determination of whether such comments have "exceeded the leeway granted him in such comment is a matter peculiarly within the sound discretion of the trial court." *State v. Harris,* 622 S.W.2d 330, 336 (Mo.App.1981); *State v. Anthony,* 577 S.W.2d 161, 168 (Mo.App. 1979); and *Heinz, supra* at 880.

It cannot be said within the text of the entire final argument that the prosecutor's argument was beyond permissible bounds or that it amounted to more than a comment upon the credibility of appellant's wife as a witness. *State v. Taylor,* 626 S.W.2d 647, 649 (Mo.App.1981).

There is no merit to appellant's point (2) and it is ruled against him.

Under his final point, appellant charges that the trial court erred in its refusal to quash the jury panel because of the alleged systematic exclusion of blacks.

Appellant filed a pretrial motion to quash the jury panel. A hearing and the ruling on that motion occurred post trial. The ruling on the motion by the trial court was not erroneous because appellant's evidence failed to prove the systematic exclusion of prospective black jurors who are otherwise qualified. Appellant's evidence consisted of his challenge to a limited number of blacks upon his own jury panel, plus evidence by a consultant to the local election board regarding local voter registration rolls. The evidence as a whole failed to meet the test prescribed in *Duren v. Missouri,* 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979) and later declared by our state Supreme Court in *State v. Blair,* 638 S.W.2d 739, 753 (Mo. banc 1982). For a more recent pronouncement on the same question, see *State v. Davis,* 646 S.W.2d 871 (Mo.App.1982).

Appellant further urges that the use of registration rolls denied him the right to a jury drawn from a fair cross-section of the community. Appellant's basic premise is that since blacks appear to have a lower voter registration and hence participate in a lower proportion than the remainder of the Jackson County, Missouri population, this renders the use of such rolls impermissible and results in the denial of appellant's right to a jury drawn from a fair cross-community section. This precise allegation has been laid to rest in *United States v. Clifford,* 640 F.2d 150, 156 (8th Cir.1981), wherein the court ruled, "The mere fact that one identifiable group of individuals votes in a lower

proportion than the rest of the population does not make a jury selection system [i.e., based upon voter registration rolls] illegal or unconstitutional."

That portion of appellant's evidence related only to his own jury panel does not suffice. *Duren, supra; State v. Ball,* 622 S.W.2d 285, 291 (Mo.App.1981); and *State v. Mears,* 588 S.W.2d 519, 520–21 (Mo.App. 1979). In addition, appellant's evidence reveals only that blacks are a distinctive group within the meaning of that term in *Duren,* but his evidence fails to satisfy the second and third parts of the *Duren* test in that his evidence fails to show that the representation of blacks in jury venires as a whole is not fair and reasonable in relation to the number of such persons in the community, and the underrepresentation is due to a systematic exclusion of the group in the selection process. Appellant's evidence was limited to his selection of a limited number of voter precincts within the total of 294 in Jackson County. By this evidence, appellant suggests that there is a proportionately lower voter registration by blacks as compared with the remainder of the community population.

The precincts selected were either primarily black or primarily white (geographic determinations) since voter registration rolls neither require nor permit disclosure of race. No use of so-called "mixed precincts" was made because appellant's expert witness admitted that no projections could be presumed from such precincts. What appellant urges to the court is the extraction of an inference that black and non-black voters register in the same proportions throughout the 294 precincts in Jackson County. Such suggestion fails to consider a myriad of other factors such as the geographical, economic and social conditions throughout the whole of Jackson County. In conclusion, it must be noted that appellant's evidence fails to show that any alleged underrepresentation was due to the systematic exclusion of blacks in the jury selection process. *Duren, supra.*

Appellant's final point is meritless and is ruled against him under *Duren, Blair,* and *Davis, supra.*

Judgment affirmed.

All concur.