STATE of Missouri, Respondent,

v.

Robert SANDERS, Appellant.

No. 46723.

Missouri Court of Appeals,
Eastern District.

Nov. 15, 1983.

Robert J. Maurer, Public Defender, Daniel J. Gralike, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Defendant was convicted by a jury of robbery in the first degree, a violation of § 569.020, RSMo.1978. He was sentenced as a persistent offender to life imprisonment. We affirm.

The evidence established that on December 22, 1981, Kevin Peistrup and Steve Huber were working at Finlay's Fine Jewelry counter which was located within the Stix, Baer & Fuller department store in Westroads Mall in St. Louis County. At about 8:06 that evening, Peistrup was on his knees straightening out a display case of pearls when a black male and female approached the counter. Peistrup asked the couple if he could be of any assistance. The man, whom Peistrup later identified as defendant, replied, "No, thank you ... this is a robbery, sucker, stand back or I'll shoot." The woman then came across the counter and tried to open the display case. When she could not, the defendant told Peistrup to open it for her. After the woman emptied the pearl case, defendant ordered Peistrup to open the diamond case and the woman began gathering the diamonds.

Steve Huber was in the back of the department putting away merchandise when he noted there were people at the counter

and went over to assist Peistrup. As he approached the counter a third black male, who had been standing several feet behind defendant, told defendant to look out for the man behind the counter. Defendant pointed the gun at Steve Huber and ordered him to "get in the back or I'll blow your head off."

Defendant then had Peistrup open the other side of the diamond case and ordered him to lay on the floor. The robbers then left and the police were called. Over $80,-000.00 in jewelry was taken. Both Peistrup and Huber positively identified defendant at a line-up and at trial.

Defendant presented an alibi defense but did not testify.

■ Defendant first contends that the trial court erred in sustaining the state's objection to his cross-examination of Kevin Peistrup when he sought to ask for detailed descriptions of one of the investigating police officers. On cross-examination, defendant's attorney asked the victim to describe the officer's age, height and color of hair in order to test his powers of observation. Finally, when he asked about the length of the officer's hair, the prosecutor objected to the relevancy of what the police officer looked like. The objection was sustained. Trial courts have wide discretion in determining the extent of cross-examination. *State v. Patterson*, 598 S.W.2d 483, 489 (Mo. App.1980). The trial court initially permitted defense counsel to pursue this line of questioning, but finally determined that it had gone far enough. We find no abuse of discretion.

Defendant's second point is that the trial court erred in overruling his motion for a postponement or continuance of the trial from October 21, 1982 at 1:30 p.m. to October 22, 1982 at 9:00 a.m. in order to give defendant a further opportunity to subpoena state's police witnesses. The state had concluded its case and the trial was to continue at 9:30 a.m. on October 21 with defendant's evidence. The trial court stated for the record that:

> [D]efendant's attorney appeared in my chambers sometime after 9:30, approximately 9:40 and advised me that she was unable to produce two officers from Richmond Heights Police Department, that she attempted to subpoena the two officers but was unable to show Court Return of Process or Summons in an effort to produce the two officers by compulsory process and requested an opportunity to prove that point to the Court, and the Court suggested that she take a reasonable time to do so.

> Let the record further show that this case did not commence until approximately 1:30 or 1:45 this afternoon, at which time the defendant requested a continuance on the same ground, that the defendant was unable to produce these two police officers.

> The Court felt that the defendant had been granted a reasonable opportunity to produce the two police officers and denied her request for the continuance.

■ We find no merit to defendant's point. The request for a continuance was not in writing, accompanied by an affidavit, as required by Rule 24.09 and was not requested until the end of the trial. Moreover, a motion for a continuance is addressed to the sound discretion of the court and the court's action will not be disturbed on appeal unless it clearly appears the court abused its discretion. *State v. Rayford*, 611 S.W.2d 377, 379 (Mo.App.1981). Here, counsel made no showing of when the witnesses could have been produced, nor of the substance of their testimony. We find no abuse of discretion.

■ In defendant's last point, he alleges that he should have been granted a new trial because of ineffective assistance of counsel. Generally, the issue of ineffective assistance of counsel will not be reviewed on direct appeal. The issue can best be explored and disclosure of the pertinent facts can be obtained in a 27.26 proceeding. *State v. Robinson*, 551 S.W.2d 309, 312 (Mo. App.1977). That is the case here.

Affirmed.

KAROHL, P.J., and CRANDALL, J., concur.