**John L. GREEN, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 14358.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 17, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 8, 1986.

Application to Transfer Denied
May 13, 1986.

Ronald A. Conway, Asst. Public Defender, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., George Cox, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Chief Judge.

Movant appeals from the denial, without an evidentiary hearing, of his motion under Rule 27.26. Movant sought to vacate a conviction for escape from confinement in the Hickory County jail. Movant pled guilty and was sentenced to a term of two years' imprisonment. The trial court denied movant an evidentiary hearing, determining that the allegations of movant's motion were refuted by the record of his guilty plea hearing.

Movant contends that the circuit court erred in failing to grant him an evidentiary hearing because he alleged facts not refuted by the record, which entitle him to relief. He contends that his plea of guilty was not voluntary because he did not receive effective assistance of counsel.

Movant claims that his attorney failed to interview witnesses, investigate, research the law, and inform movant of the defense of entrapment after movant had advised him of facts which would have constituted that defense. Movant also contends that the attorney was ineffective by failing to investigate the facts surrounding his statement to the police. He states that had counsel properly investigated he would have learned that the statement "was a product of duress and coercion, and that the statement was induced by promises and, therefore, that the statement was in-

admissible." Movant alleges that had he been advised of the defense of entrapment and that his statement to the police was inadmissible, he would not have pled guilty.

■ An evidentiary hearing is required on a 27.26 motion only if the motion alleges facts, not conclusions, which warrant relief and raise matters that are not refuted by the files and records in the case. *Murphy v. State*, 636 S.W.2d 699, 702 (Mo.App. 1982).

■ To be entitled to an evidentiary hearing on the claim that an attorney's investigation is inadequate, the motion must allege the specific information the attorney failed to discover, that reasonable investigation would have disclosed that information, and that the information would have aided or improved movant's position. *Williams v. State*, 650 S.W.2d 17, 18 (Mo. App.1983).

■ After a guilty plea has been entered, the effectiveness of counsel is relevant only if it affected the voluntariness of the plea. *Porter v. State*, 678 S.W.2d 2, 3 (Mo.App.1984). Where a plea of guilty has been entered, after showing errors of counsel, movant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty". *Hill v. Lockhart*, 474 U.S. ——, 106 S.Ct. 366, 88 L.Ed.2d 203, 210 (1985). "[W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." Id.

■ Movant's version of the facts that he contends constituted entrapment are not the same as the facts given by movant or the prosecuting attorney at the hearing on movant's guilty plea. After the prosecutor's statement, the trial court asked movant if what the prosecutor had stated was "substantially correct" and movant responded, "Yes, it is." The judge then asked movant if there was "anything that is incorrect about" the prosecutor's statement. Movant replied, "No, there isn't." Movant also stated at that hearing that he was not aware of any witnesses that the attorney should have contacted. We agree with the trial court that the record of the guilty plea hearing refutes the claim of entrapment.

■ Movant's ingenious counsel asserts that under Rule 27.26(e) a hearing is required even if we determine that the record refutes movant's claim. He refers to that part of the rule which states, "This hearing shall be an evidentiary hearing if facts are raised in the motion, and if the allegations thereof directly contradict the verity of records of the court, that issue shall be determined in the evidentiary hearing." Rule 27.26(e) is set forth in full below.*

The rule indicates that if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" then a hearing is not required, but an evidentiary hearing may be required to determine which is correct if allegations in the motion "directly contradict the verity of records of the court". In *Burrage v. State*, 477 S.W.2d 118, 120 (Mo.1972), the court states that a movant under Rule 27.-26(e) "has the right to attempt to impeach the court record which recites that he waived his right to a trial by jury".

* (e) *Hearing.* As soon as a motion hereunder is received by the circuit clerk, he shall notify the prosecuting attorney and transmit a copy thereof to him. If appointment of counsel is required under (h) of this Rule, such counsel shall be appointed immediately and a copy of the motion transmitted to him. Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, a prompt hearing thereon shall be held.

"Prompt" means as soon as reasonably possible considering other urgent business of the court. This hearing shall be an evidentiary hearing if issues of fact are raised in the motion, and if the allegations thereof directly contradict the verity of records of the court, that issue shall be determined in the evidentiary hearing. All proceedings on the motion shall be recorded by the official court reporter.

However, our supreme court has stated that a 27.26 movant must plead facts entitling the movant to relief and "must show that such factual allegations are not refuted by facts elicited at the guilty plea hearing." *Rice v. State,* 585 S.W.2d 488, 492 (Mo. banc 1979). See also *Oerly v. State,* 658 S.W.2d 894, 896 (Mo.App.1983); *McIntosh v. State,* 627 S.W.2d 652, 654 (Mo.App. 1981). Here, the facts now claimed appear to be refuted by facts elicited at the guilty plea hearing. Following our supreme court, we conclude that this "conclusively" shows that movant is not entitled to an evidentiary hearing regarding his claim of entrapment.

■ Movant states no facts supporting his claim that the statement was given because of duress and coercion and was induced by promises. Nothing is alleged as to what created the duress, how the coercion occurred, or what promises were made. As no facts were alleged regarding this contention, movant is not entitled to an evidentiary hearing on it.

■ That there may have been an inadmissible statement of movant is not sufficient reason alone to invalidate a plea of guilty if it was made voluntarily and understandably with the advice of counsel. *Kunkel v. State,* 501 S.W.2d 52, 54 (Mo. 1973).

We cannot say that the trial court's findings were clearly erroneous. See Rule 27.-26(j). The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.