STATE of Missouri,
Plaintiff–Respondent,

v.

Eddie HENTON, Defendant–Appellant.

No. 53154.

Missouri Court of Appeals,
Eastern District,
Division One.

April 26, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 25, 1988.

Application to Transfer Denied
July 26, 1988.

Henry B. Robertson, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant appeals from his conviction by a jury of rape, § 566.030, RSMo 1986, and a sentence of 15 years' imprisonment. We affirm.

Defendant lived with Shirley Williams sporadically over a six-year period. Ms. Williams had four children, two fathered by defendant and two by another man. Defendant frequently took care of the children for Ms. Williams. On several occasions when Ms. Williams returned home, S., Ms. Williams's daughter by the other man, and defendant were inside the house and the other children were outside. Once she returned and found S. in the bathtub, which was unusual because defendant never bathed the children. Another time when she returned, the door was locked and she found S. and the defendant in the house alone. Ms. Williams noticed defendant was more protective of S. than of the other children.

In April 1986, S., who was eight years old, complained of a burning pain when she urinated. Examinations at Cardinal Glennon Hospital revealed she had a rash around her vagina, which was later determined to be lesions resulting from herpes type II, a sexually transmitted disease.

Her vaginal opening was jagged and larger than normal for a child her age.

At trial S. testified that when she was seven and eight years old on more than one occasion defendant would remove her clothes and place his penis in her vagina. Ms. Williams testified S. told her after she had been taken to the hospital in April 1986 that defendant "did it." S.'s grandmother and a nurse at the hospital also testified S. confirmed to them defendant had sexually abused her.

Dr. Suman Sharma, who examined S., testified that it would be unusual for the child's vaginal opening to be jagged and enlarged and that these conditions were caused by penetration. The doctor further stated herpes can persist in a person for life, and the symptoms of the disease can recur. Treatments for the disease do not cure it, but are directed at treating the symptoms, the lesions. Dr. Sharma stated the disease could not be transmitted or detected unless the carrier exhibited active lesions. Ms. Williams testified she had seen sores on defendant's penis. Defendant testified, denying he had sexually abused S. He said he had been working at Barnes Hospital for a month and had taken a required physical to get the job. He said he did not have herpes and never had had herpes.

In his first point on appeal, defendant contends the prosecutor in closing argument, improperly shifted the burden of proof by stating defendant failed to prove he did not have herpes.

The prosecutor made the following statement in the opening portion of her argument:

Did he tell you anything about himself? Did he bring in his own physician to say to you, "I am fine. I have a clean bill of health. There is nothing wrong with me. I know this child has herpes and therefore I have been watching—"

MS. LOHR [defense counsel]: Judge, I would object to this line of argument. The defense does not have to prove anything in this case. The burden is on the State.

THE COURT: Overruled. Proceed.

MS. PHILLIPS [prosecutor]: Did he do that? Did he try to prove to you he doesn't have the disease? Are you convinced from hearing him say it that this man does not have herpes?

In the rebuttal portion of her argument she stated the following:

Herpes, his calling card. That's the one.

MS. LOHR: I am going to object to that characterization, your Honor.

THE COURT: Overruled.

MS. PHILLIPS: You didn't hear any proof that he doesn't have it except his word for it.

The trial court has broad discretion in controlling closing argument, and its ruling on argument of counsel will be reversed only for an abuse of discretion where the argument is plainly unwarranted. *State v. Cotton*, 724 S.W.2d 649, 651 (Mo.App.1986). "A conviction will be reversed for improper argument only if it is established the complained of comments had a decisive effect on the jury's determination." *State v. Newlon*, 627 S.W.2d 606, 616 (Mo. banc 1982).

A defendant is presumed innocent and the burden of proof is on the state to prove a defendant guilty beyond a reasonable doubt. *Charles v. State*, 573 S.W.2d 139, 141 (Mo.App.1978). The state may argue an adverse inference from a defendant's failure to produce evidence which would reasonably be expected to be in the defendant's favor. When the state argues such an inference, the burden of proof does not shift to the accused. "The state must still carry its burden of proof upon the evidence to prove the guilt of an accused beyond a reasonable doubt." *State v. Ferguson*, 651 S.W.2d 521, 523 (Mo.App.1983).

The state argues the prosecutor was merely arguing an adverse inference. While we believe the prosecutor's argument that defendant did not bring in his own doctor in the broad sense might be considered an adverse inference argument, we resolve this point on another ground.

On direct examination Ms. Williams did not mention defendant had sores on his

penis. On cross-examination she was questioned about her reluctance to let S.'s father visit S. Defendant's counsel asked Ms. Williams,

Q. Okay, and he [the father] had been diagnosed as having herpes; is that right?

A. I don't know that.

On redirect the prosecutor asked her the following:

Q. Does the defendant have sores on his penis or private parts?

A. Yes, they would come.

She said she had never seen any sores on the penis of S.'s father.

Defendant took the stand and testified he had been employed by Barnes Hospital for a month prior to his arrest. *His counsel* asked, "Did you have a physical examination to work there?" "Yes, I did," defendant answered. On redirect *his counsel* asked,

Q. And you do not have herpes, do you?

A. No, I don't.

Q. And you've never had herpes?

A. No, I do not.

■ The court instructed the jury that the burden of proof was on the state. Although the prosecutor inappropriately used the words "proof" and "prove" in the challenged portions of her argument, it is clear from reading the entire argument she was attacking defendant's credibility.

[A]n accused criminal defendant may bring his own credibility into issue either indirectly through his defense attorney in opening statement, summation or otherwise, or directly by taking the witness stand and testifying. In so doing if the defendant makes it appear that some other individual is the actual perpetrator of the crime or that potential witnesses could place the defendant elsewhere at the time of the crime or that a potential witness could exonerate the defendant, then, to that extent, the prosecuting attorney has a right to comment.

*Romero v. State,* 435 So.2d 318, 320 (Fla. Dist.Ct.App.1983).

Defendant tried to imply S. contracted herpes from her father. He said he had a physical examination at Barnes Hospital and they employed him. He further stated he did not have herpes. These comments invited the state's argument, and, therefore, the argument was not improper. In no event was it prejudicial to defendant in light of the court's instructions on the burden of proof and the strength of the state's case. *See State v. Morrison,* 659 S.W.2d 346, 348–49 (Mo.App.1983); *U.S. v. Cook,* 771 F.2d 378, 382–83 (8th Cir.1985).

■ In the same point relied on, defendant alleges he was further prejudiced by other comments made by the prosecutor in her closing argument regarding future crimes defendant might commit if acquitted. We note this argument was not objected to at trial, not mentioned in defendant's motion for new trial, nor properly presented on appeal. *State v. Jones,* 714 S.W.2d 909, 912 (Mo.App.1986); *State v. Hemphill,* 721 S.W.2d 86, 88 (Mo.App. 1986); Rule 30.06(d). We have reviewed the arguments and the entire record, and we conclude there is no manifest injustice or miscarriage of justice to constitute plain error. Rule 30.20.

■ Defendant also contends the trial court erred in overruling his counsel's objection to a question asked him by the prosecutor on cross-examination. He alleges the question called for him to speculate concerning the mental state of another witness.

The pertinent portion of the state's cross-examination of defendant follows:

Q. [by the prosecutor] Now, what motive do you think that Shirley Williams has to come in here and say you have sores on your penis when you don't?

MS. LOHR: Judge, I am going to object. It calls for speculation on the witness's part.

. . . .

THE COURT: All right. I am going to overrule the objection. You may answer, sir.

A. Shirley Williams is thinking of something. I don't know where she is getting it from. I have never had sores on my penis. I know my body.

Q. Why do you think she would come in and say you do?

A. I do not know, ma'am.

The prosecutor asked defendant why Ms. Williams would testify to facts contrary to his version of those facts. It is permissible to pit the testimony of a witness for the state against that of a defendant by way of relative comparison to determine which person is telling the truth. The questions were proper on that basis. *State v. Willis*, 706 S.W.2d 265, 267 (Mo.App.1986); *State v. Williams*, 548 S.W.2d 227, 230–31 (Mo. App.1977). The trial court did not abuse its discretion to control the extent of cross-examination. *State v. Sanders*, 661 S.W.2d 52, 53 (Mo.App.1983).

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.