STATE of Missouri, Respondent,

v.

Rodney BANKS, Appellant.

Rodney BANKS, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 54409, 56684.

Missouri Court of Appeals,
Eastern District,
Division One.

March 20, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 25, 1990.

Application to Transfer Denied
June 19, 1990.

ORDER

Helton Reed Jr., St. Louis, Stormy B. White, Lucy Liggett, Asst. Public Defenders, Clayton, for appellant.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

In this consolidated appeal, appellant, Rodney Banks, appeals his jury conviction for the offense of passing a bad check, account closed, RSMo § 570.120 (1986) for which he was sentenced as a persistent offender pursuant to RSMo § 558.016 (1986) to ten years imprisonment. Appellant also appeals the denial of his Rule 29.15 motion without an evidentiary hearing. We affirm.

The evidence presented at trial revealed that, on the evening of February 6, 1987, the appellant entered the Central Hardware store in Creve Coeur, Missouri. The appellant purchased five tires and a battery and paid for them with a check from an account at First National Bank of St. Louis[1] in the amount of $433.00. Bank Records revealed that appellant's account had been closed by the bank on December 4, 1981. At that time, the balance of the account was listed at "zero." The police conducted a full investigation of the check and the surrounding transaction. This investigation led them to the appellant. When he was questioned by the officers in charge of the investigation, the appellant confessed writing the check. The appellant was subsequently convicted by jury as charged on January 8, 1988.

On August 4, 1988, appellant filed his *pro se* motion pursuant to Rule 29.15. An amended motion was filed by counsel for appellant on November 21, 1988. On December 15, 1988, the Circuit Court for St. Louis County denied appellant's Rule 29.15 motion without an evidentiary hearing.

Appellant first contends that the trial court erred in "permitting the prosecutor to shift the burden of proof improperly during closing argument." During appellant's closing argument, his counsel made the following statement:

Are you convinced of that … from the First National Bank who brought you all the records; … that's all the records she has, convinced you beyond a reasonable doubt that Mr. Banks was notified by the bank when the account was closed? Are you convinced by the single sheet of paper she brought here?

██ In response to this portion of appellant's closing argument, the prosecutor stated:

Mr. Reed talked to you about records, ladies and gentlemen, and I submit Exhibit No. 7 was the only record that was needed from the bank. This thing about a notice being a legitimate argument in the case if the account had been closed about a month or two months, maybe six months, but not five years.

The defendant has the power of subpoena if he feels there are records there that would help his case; he has the right of subpoena to bring records in.

The defendant put on no evidence as far as records go, because there was nothing there to help him.

No objections were raised to these statements by the appellant and he, thus, requests this court review the prosecutor's comments for plain error. A court should rarely grant relief on assertions of plain error as to closing argument. *State v. Clemmons*, 753 S.W.2d 901, 907 (Mo. banc 1988). This is because, in the absence of objections and requests for relief, the trial court's options are narrowed to uninvited interference with summation and a corre-

---

**1.** This bank became Centerre Bank Corp. in 1983.

sponding increase of error by such intervention. *Id.* at 907–8.

■ It has been held on numerous occasions that statements to the effect that defendant has failed to offer evidence do not even rise to the level of prejudicial error let alone plain error. *See State v. Robinson,* 641 S.W.2d 423, 426 (Mo. banc 1982); *State v. Inscore,* 592 S.W.2d 809, 813 (Mo. banc 1980).

In *State v. Robinson,* the appellant had been convicted of capital murder. During closing argument, the State remarked "the defense had the opportunity to put on any evidence they wanted to and all they did was introduce two photos. The evidence is overwhelming and uncontradicted." *Robinson,* 641 S.W.2d at 426. The Missouri Supreme Court held that the trial court did not err in permitting this statement. *Id.*

In *Inscore,* the Missouri Supreme Court held that a statement that the defense attorney "was trying cases probably before I was born and if there had been any evidence he could have produced as any defense in this case you had better believe he would have produced it" was admissible. *Inscore,* 592 S.W.2d at 813.

■ The present case presents a similar form of closing argument. The appellant, however, perhaps recognizing the futility of arguing that the prosecutor's statement was an impermissible comment on the defendant's failure to testify, instead claims that the comment "shifted the burden of proof." In *State v. Henton,* this court held, however, that where the State argues an adverse inference from the defendant's failure to produce evidence "the burden does not shift to the accused." *Henton,* 753 S.W.2d 19, 20 (Mo.App., E.D.1988). Point denied.

■ Appellant next argues that the motion court erred in denying his 29.15 motion without an evidentiary hearing. We have reviewed appellant's allegations and the record upon which they are based and conclude that the findings and conclusions of the motion court are not clearly erroneous. In addition, we find that no precedential value would come from a full opinion. Rule 84.16(b).

REINHARD and CRIST, JJ., concur.