**STATE of Missouri, Respondent,**

v.

**Alvin DUDLEY, Appellant.**

**WD 42224.**

Missouri Court of Appeals,
Western District.

March 12, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 30, 1991.

Application to Transfer Denied
June 11, 1991.

David S. Durbin, Appellate Defender, Anthony C. Cardarella, Asst. Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, C.J., ULRICH, J., and SOLBERT M. WASSERSTROM, Senior Judge.

NUGENT, Chief Judge.

Defendant Alvin Dudley appeals his conviction of one count of forcible sodomy, one count of felonious restraint and one count of armed criminal action. We affirm the convictions.

On this appeal, defendant Dudley raises three points: *first,* error in overruling defendant's objection to the comment of the prosecuting attorney in closing argument regarding a missing witness; *second,* insufficiency of the evidence; and, *third,* denial of defendant's Rule 29.15 motion alleging ineffective assistance of counsel.

Viewed in the light most favorable to the verdicts, the record reveals the following facts: On the morning of December 13, 1987, Caroline Holman accompanied defendant Alvin Dudley and another man named Lloyd to Dudley's house. In the house, the three smoked some crack cocaine. Shortly, Lloyd left, leaving Ms. Holman with defendant Dudley. Soon the defendant locked the door and began a day and night long ordeal in which he beat Ms. Holman's head and face with a padlock and later with an iron pipe and forced her to sodomize him. At times, the defendant tied her to the bed, and at all times he repeated his threats to kill her. When she tried to escape, he again beat her with the pipe and told her that he was going to kill her during the night.

Eventually, defendant carried Ms. Holman upstairs and let her sleep in his bed. Later he awakened her and told her that

soon his mother would come home; he commanded her to say nothing. When the defendant's mother arrived, she looked at Ms. Holman in the bed and told the defendant that the young woman needed to go to the hospital. She put ice on Ms. Holman's face and then departed.

Ms. Holman fell asleep again, only to be awakened at a later time by defendant's inserting his penis into her vagina. She drifted in and out of sleep until she awoke the next morning and found the defendant lying motionless on the bed. She ran to the neighbor's house, where she called the police, who took her to the hospital suffering with severe bruises and swelling about her face and eyes, various cuts, scrapes and lacerations.

The defendant did not testify and adduced no evidence in his own defense. The jury convicted him of sodomy, armed criminal action, and felonious restraint.

After sentencing, defendant Dudley filed a pro se motion to vacate the judgment and sentence under Rule 29.15, Missouri Rules of Court. The court denied the motion because it failed to state any grounds relief. Later, however, the court sustained the defendant's motion to set aside that order, reinstated the defendant's pro se motion and appointed an appellate public defender to represent him. Thereafter, the appellate defender filed an unverified amended motion on the defendant's behalf. The court denied that motion without an evidentiary hearing.

■ Defendant Dudley first complains that the trial court erred in overruling his counsel's objection to the prosecutor's closing argument question:

I'd ask Mr. Gipson [defense counsel] a question, where is Mrs. Dudley. If this is a lie, folks, is there a mother in the world who would not be in here saying, "It's not true?"

Defendant claims that the prosecutor's comments created an impermissible adverse inference regarding defendant's failure to call Mrs. Dudley as a witness inasmuch as the state had equal access to her. Thus, defendant claims, the prosecution improperly attempted to shift the burden of proof to the defendant and, finally, commented on facts not in evidence, all of which denied defendant his right to due process and a fair trial.

In *State v. Webster*, 659 S.W.2d 286, 288 (Mo.App.1983), the court held that in a criminal case the prosecution may not argue an adverse inference if the witness appears equally available to the state and to the defendant. The trial court can resolve the question of the absent witness' availability by considering three factors: *first*, one party's superior ability to know or identify the witness; *second*, the nature of the testimony one can expect of the witness; *third*, the relationship between the particular party and the witness that might indicate whether the witness would likely testify more favorably for one party than the other. *See State v. Valentine*, 587 S.W.2d 859, 864–65 (Mo.1979) (en banc).

The defendant contends that, where the record shows a witness "equally available" to both sides, his absence will not support an adverse inference arising from a party's failure to call that witness. *State v. Hemphill*, 721 S.W.2d 86, 89 (Mo.App. 1986); *State v. Farrell*, 682 S.W.2d 118, 119 (Mo.App.1984), citing *State v. Moore*, 620 S.W.2d 370, 373 (Mo.1981) (en banc).

■ We hasten to note that where the question of adverse inference arises, the trial court has considerable discretion in allowing or rejecting the prosecutor's argument. In such instances, an appellate court will not convict a trial judge of an abuse of discretion unless it finds the prosecutor's argument "plainly unwarranted." *State v. Moore*, 620 S.W.2d 370 (Mo.1981) (en banc); *State v. Welsh*, 775 S.W.2d 557, 560 (Mo.App.1989); and *State v. Robinson*, 752 S.W.2d 949, 953 (Mo.App.1988). The appellate court will reverse only where the defendant sustains the burden of showing that, to the prejudice of the defendant, the prosecutor's argument had a decisive effect on the jury's verdict. *State v. Wood*, 596 S.W.2d 394, 403 (Mo.1980) (en banc); *State v. Keil*, 794 S.W.2d 289, 293 (Mo.App.1990).

■ Where a defendant fails to call an available witness whom one might reason-

ably expect to testify in defendant's favor, the prosecuting attorney may comment on that failure. *State v. Moore, supra.* The defendant's failure to call such a witness tends to create the logical inference that defendant did not call the witness because his testimony would damage rather than assist the defense. *Id.; State v. Murphy,* 796 S.W.2d 429, 432 (Mo.App.1980); and *State v. Robinson, supra.* In addition, if the facts make clear that the witness' testimony would favor the defendant, the court may justifiably find the witness one "peculiarly available" to the defendant, thus giving rise to the adverse inference. *State v. Moore, supra,* at 374; *State v. Robinson, supra.*

▪ Essentially, the prosecutor in this case argued that the failure of the defendant to call his own mother to testify on his behalf supported the inference that, if called, she would not testify favorably to the defendant. Implicit in that argument rests the assumption that the close family relationship between mother and son would make the mother more available to the defendant as a witness than to the state, a perfectly reasonable and obvious conclusion based on universal human experience. Our courts have implicitly adopted that conclusion. In *State v. Clark,* 711 S.W.2d 928, 933 (Mo.App.1986), we found the defendant's mother, whom he did not call, more available to the defendant than to the prosecution. Similarly, in *State v. Davis,* 686 S.W.2d 503, 507 (Mo.App.1985), we concluded that the court could not consider the defendant's parents equally available to the state. There we noted that, as the court said in *State v. Webster, supra,* the trial court must take into consideration the relationship between the party and the witness. If the relationship of the witness to the party would reasonably lead one to expect the witness to testify in favor of the party, the court cannot hold the witness equally available. *Id.* at 507. *See also State v. Farrell,* 682 S.W.2d 118, 120 (Mo.App.1984) (brother not considered equally available), and *State v. Johnson,* 529 S.W.2d 166, 169 (Mo.App.1975) (mother, stepfather and paramour not considered equally available to the state).

▪ Accordingly, we must classify the missing witness in this case, defendant's mother, as "peculiarly available" to the defendant. Accordingly, the prosecutor's invocation of the "adverse inference" did not offend the law, and the court did not abuse its discretion in overruling the defendant's objection. Defendant's notion that Mrs. Dudley might have had some potential criminal liability (thus becoming "unavailable") because of her knowledge of her son's criminal behavior finds absolutely no support in the record. If anything, defendant's mother tried to come to the assistance of the victim.

▪ Defendant continues his argument by asserting that the prosecution's invocation of the adverse inference improperly shifted the burden of proof to the defendant. In the case of the "peculiarly available" witness, however, the prosecution's making of the adverse inference argument does not shift the burden of proof from state to the accused. *State v. Ferguson,* 651 S.W.2d 521, 523 (Mo.App.1983). The state must still shoulder its burden of proving the guilt of the accused beyond a reasonable doubt. *Id.* *See also State v. Henton,* 753 S.W.2d 19, 20 (Mo.App.1988). Defendant misplaces his reliance upon *State v. Howard,* 540 S.W.2d 86, 87–88 (Mo.1976) (en banc). In *Howard,* however, the trial judge, not the prosecutor, made the comment in question in connection with his instructions to the jury. Therefore, the holding in *Howard* does not apply in this situation.

▪ In the third portion of his Point I, the defendant complains that the record contains absolutely no evidence to indicate that Mrs. Dudley was the same mother mentioned in Ms. Holman's testimony and that Ms. Holman never specifically identified Mrs. Dudley by name as the defendant's mother. The short answer to that argument lies in the fact that under any fair reading of the prosecutor's argument the prosecutor's comment unmistakably referred to the defendant's mother and her failure to appear. Her name has no particular significance in this context, in which

defendant Dudley more than once identified the other woman in the house as his "mom." Whatever her name, defendant did not call that woman identified as his mother to testify on his behalf.

■ Point II in defendant's appeal asserts the insufficiency of the evidence to support the verdict because the evidence that directly linked the defendant to the crimes consisted of the unreliable, contradictory and uncorroborated testimony of the victim, Ms. Holman.

We have reviewed the evidence in the light most favorable to the verdict, accepting as true all evidence and inferences that tend to support the verdict and disregarding all evidence and inferences to the contrary. *State v. Brown,* 660 S.W.2d 694, 698 (Mo.1983)[1]; *State v. Grant,* 702 S.W.2d 857, 862 (Mo.App.1985). Where evidence sufficient to permit the rational trier of fact to return a verdict of guilty appears in the record, an appellate court will affirm the conviction. *State v. Barber,* 635 S.W.2d 342, 343 (Mo.1982).

In this case the defendant asserts that the uncorroborated testimony of the victim conflicts with the "scientific forensic evidence" of chemist Frank Booth. In defendant's view, since the state adduced no forensic evidence to support the victim's claim of sexual intercourse, her testimony could not have supported defendant's conviction. We cannot agree.

■ The law does not require corroboration for the testimony of the victim in the trial of a felonious restraint case or in an armed criminal action case. The trier of fact, whether court or jury, determines the credibility of witnesses; the testimony of a single witness whom the trier believes beyond a reasonable doubt suffices the convict. *State v. Dowe,* 432 S.W.2d 272, 274–75 (Mo.1968).

■ With respect to the sodomy conviction, the rule in Missouri requires corroboration of the victim's testimony only when her testimony contradicts itself or conflicts with the physical facts, the surrounding circumstances and common

experience to the extent that it becomes so unconvincing and improbable as to raise substantial doubts. *State v. Wood,* 355 Mo. 1008, 1012, 199 S.W.2d 396, 398 (1947); *State v. Russell,* 581 S.W.2d 61, 66 (Mo. App.1979). A careful review of the evidence in this case reveals no room for such doubts. The victim spent many hours in the defendant's mother's house under the defendant's restraint. Her testimony regarding the restraint and the acts of sodomy remained uncontradicted by any physical fact, surrounding circumstance, or common experience. Her physical condition amply corroborated her testimony of having been beaten with an iron pipe and a padlock to support the armed criminal action count. The fact that the forensic evidence failed to corroborate her testimony of a rape had little bearing on her credibility regarding her other experiences. The prosecutor before trial dropped the original charge of rape against the defendant.

■ In his final point, defendant Dudley complains that the hearing court in ruling his Rule 29.15 motion denied the motion without affording him an evidentiary hearing.

The defendant's only plausible post-conviction claims appeared in an unverified amended motion filed by his counsel. The amended motion failed to meet the requirement of verification found in Rule 29.15(d): "The movant shall verify the motion, declaring that he has listed all grounds for relief known to him and acknowledging his understanding that he waives any ground for relief known to him that is not listed in the motion." In *Kilgore v. State,* 791 S.W.2d 393, 395 (Mo.1990), the Missouri Supreme Court held that an unverified Rule 29.15 motion cannot invoke the court's jurisdiction and the trial court commits no error in denying relief based on such a motion. The same rule applies to unverified amended motions under Rule 29.15. *State v. Oxford,* 791 S.W.2d 396, 401 (Mo. 1990). Where the trial court acquired no jurisdiction, we acquire none, and we must

1. Since October 28, 1982, the Missouri Supreme Court has heard all cases sitting en banc.

dismiss the defendant's appeal of the denial of his Rule 29.15 motion.

For the foregoing reasons, we affirm the judgment of conviction on each of the three counts entered by the trial court and dismiss defendant's appeal of the Rule 29.15 hearing court's denial of post-conviction relief.

All concur.

