**STATE of Missouri, Respondent,**

v.

**Trinell P. BOYD, Appellant.**

**Trinell P. BOYD, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 59663, 61314.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 17, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Dec. 23, 1992.

Application to Transfer Denied
Jan. 26, 1993.

Gary E. Brotherton, Columbia, for appellant.

William L. Webster, Atty. Gen., Hugh L. Marshall, Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Trinell P. Boyd, appeals his jury conviction, entered in the Circuit Court of St. Louis County, of one count of kidnapping, RSMo § 565.110 (1986); one count of forcible rape, RSMo § 566.030 (1986); one count of forcible sodomy, RSMo § 566.060 (1986); and three counts of armed criminal action, RSMo § 571.015 (1986). The court sentenced appellant to consecutive life terms on the rape and sodomy counts, a consecutive fifteen year term on the kidnapping count, and concurrent five year terms on each of the armed criminal action counts. Appellant also appeals the denial of his Rule 29.15 motion after an evidentiary hearing. We affirm.

S.H., the victim, was a registered nurse at St. Mary's Health Center. In the early morning hours of August 31, 1989, she left work and stopped at Community Federal Savings on St. Charles Rock Road in St. John. As she pulled into the parking lot, she noticed a car but did not see anyone in it. She drove past the automatic teller

machine, stopped her car, turned off the engine, and walked to the ATM with only her bank card. She left her purse in her car.

Before S.H. was able to complete her ATM transaction, appellant grabbed her around the neck from behind. He held her with his left arm and pointed a screwdriver at her neck with his right hand. As he forced S.H. into his car, appellant told her to do what he said, or he would have to hurt her. Once inside the car, appellant drove the victim to another parking lot approximately 2 blocks away, holding her tightly all the while. Once there, appellant removed the victim's shorts and underwear, with the screwdriver still in his right hand. As he tried to reposition her in the front seat, however, the victim grabbed the screwdriver from appellant's hand. The shaft pulled out of the handle, and S.H. threw it under the front passenger seat. Appellant threw the handle away, and then struck the victim in the face. Despite the fact that the victim was 6½ months pregnant at the time of the assault, she endured a rather intense physical struggle. Appellant then forced the victim to her hands and knees on the front seat, where he raped and sodomized her.

After enduring appellant's assaults for some time, the victim began gagging and sobbing, and appellant told her she had ruined his mood. He threw her out of the car and threw her panties and shorts after her. S.H. walked across the parking lot, getting dressed along the way, while appellant drove away.

At trial, appellant testified that he did indeed have sex with the victim, but that the acts were consensual. He also testified that the victim came with him willingly and that no coercion or threat of force was used. The jury found appellant guilty on all counts, and the court sentenced appellant to life imprisonment for rape, life imprisonment for sodomy, and fifteen years' imprisonment for kidnapping, all to run consecutively. In addition, the court sentenced appellant to three five-year terms for armed criminal action, to run concurrently.

On May 7, 1991, appellant filed a *pro se* Rule 29.15 motion. An amended motion was filed on July 7, 1991. In his motion, appellant alleged ineffective assistance of counsel due to his trial attorney's failure to object to the State's closing argument. On September 6, 1991, the court held an evidentiary hearing at which appellant testified. On November 18, 1991, the court entered its findings of fact and conclusions of law denying appellant relief. This consolidated appeal followed.

■ For his first point on appeal, appellant claims the trial court erred when it overruled his motions for judgment of acquittal on the armed criminal action counts corresponding to the rape and sodomy charges. Appellant claims that, since the screwdriver was grabbed and discarded by the victim prior to any sexual conduct, he cannot be guilty of armed criminal action. We disagree.

RSMo § 571.015 (1986) provides, in relevant part:

> ... any person who commits any felony under the laws of this state by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon is also guilty of the crime of armed criminal action ...

In his reply brief, appellant cites *State v. Reynolds*, 819 S.W.2d 322 (Mo. banc 1991) to support his contention that the use of a dangerous instrument during the entire course of the felony is necessary to support a conviction for armed criminal action. This reliance is misplaced, and the plain wording of the statute shows the fallaciousness of appellant's reasoning. Use of the screwdriver unquestionably aided appellant in the commission of all three felonies, including the two sexual offenses. Thus, there is sufficient evidence to support appellant's convictions on these two charges of armed criminal action.

■ Appellant also argues he cannot be convicted of armed criminal action three times for using the screwdriver during the commission of only one of the charged crimes. Appellant is mistaken in this assertion. In *State v. Adams*, 741 S.W.2d

781 (Mo.App., E.D.1987), the defendant was convicted of first degree assault, first degree burglary, unlawful use of a weapon and three counts of armed criminal action. The three armed criminal action counts all stemmed from a single incident. Affirming appellant's conviction, this court stated:

> Defendant ... questions the propriety of being convicted of three separate armed criminal actions, because all three stemmed from one incident lasting only a few seconds. The amount of time elapsing is not determinative of whether a separate offense has been committed. The applicable test is whether each offense necessitates proof of a fact which is not required to support a conviction on the other.... In the case at bar, the trial court properly convicted defendant of three separate offenses of armed criminal action.

Based on the above analysis, we are unable to see any error. Point denied.

■ For his second point, appellant alleges error because the court refused his proffered instruction on kidnapping. Appellant claims prejudice because his proposed instruction included an additional paragraph pertaining to consent of the victim. MAI CR3d 319.22, Note on Use 6 mandates the giving of this paragraph if evidence of possible consent is adduced. Because he gave such testimony himself, appellant claims he was denied a fair trial.

■ The giving of an instruction in violation of the Notes on Use constitutes error, the prejudicial effect of which must be judicially determined. *State v. Livingston*, 801 S.W.2d 344, 348 (Mo. banc 1990). Such errors are deemed presumptively prejudicial unless clearly demonstrated otherwise. *Id.* In the case before us, we believe the posture of the case and the nature of the verdict to be rendered by the jury obviated any necessity for an instruction on the victim's consent.

The testimony presented was relatively simple. The victim claimed appellant abducted her (without her consent), and sexually assaulted her. Appellant, on the other hand, claimed S.H. came with him willingly, and they engaged in consensual sexual activity until S.H. ended the interlude. The dichotomy between the evidence offered obviates any prejudice against appellant. If the jury believed him, they would have had to find consent on the part of the victim. If the jury believed S.H., which they did, they would necessarily have had to find that S.H. accompanied appellant under duress.

Moreover, the jury also convicted appellant of armed criminal action underlying the kidnapping conviction. If appellant was using a dangerous instrument, as the jury found he was, there is no way for a reasonable juror to find the victim consented to her removal.

■ Due to the evidence presented in this particular case, it is clear to us the jury had to confront the issue of consent directly, despite the omission of the requested paragraph from the jury's instructions. Because appellant's theory was, of necessity, considered and rejected by the jury, we are unable to find any prejudice to appellant from the court's omission. Remand is not appropriate in cases where the appellant has not been prejudiced. *Petty v. State*, 820 S.W.2d 607, 609 (Mo.App., E.D. 1991). Point denied.

■ Appellant's third point alleges improper argument by the State during closing argument. Specifically, appellant alleges the prosecutor denigrated defense counsel, interjected his unflattering personal opinion of appellant's testimony, and improperly argued for strict law enforcement. Regarding the first two of these three allegations, we find neither was timely objected to by defense counsel. We further find that none of these allegations was mentioned in appellant's motion for new trial. Therefore, none of these assignments of error is properly before us. We will, nonetheless, review for plain error under Rule 30.20.

■ Plain error must be distinguished from prejudicial error. Plain error is prejudicial error which so substantially affects the rights of the accused that a manifest injustice or miscarriage of justice inexorably results if left uncorrected. *State v.*

*Mason,* 657 S.W.2d 40, 44 (Mo.App., E.D. 1983); Rule 30.20. The allegedly improper argument was as follows:

He tells you the victim was offensive to him. She kept repeating—this isn't easy to say, but you've heard it before—he kept repeating that she said, "Do you want some pussy? Do you want some pussy?" The funny thing about that is you never hear him once tell the police that she said that. You heard State's Exhibit 55, and we gave you the transcript. You heard about his oral statement to the police beforehand. Not once in that transcript, or once in that statement to the police does he ever say that she said that.

Now, why do you hear it now in court? You hear it now in court because the defendant [sic] attorney took her statements out of context.

\* \* \* \* \* \*

That's what you are up against when you are a rape victim. That's what you have to deal with. You have to deal with your statements being taken out of context.

\* \* \* \* \* \*

You heard about how [S.H.] wanted to throw up after this rape and sodomy was accomplished. Well, I know the feeling after hearing her testimony. That was the most disgusting testimony, or among the most disgusting testimony I've ever heard.

\* \* \* \* \* \*

By your verdict, you can send out a message. You can tell—

MR. SAYLE: Your Honor, I object to this. Mr. Meiners is not talking about this case, and it's irrelevant and prejudicial.

THE COURT: The objection is overruled. You may proceed.

MR. MEINERS: By your verdict you can send out a message. You can tell the mothers and the daughters and the women of this area that when they are violated, their rights will be protected. Or your verdict can send out the other message, that they better not come into court until their clothes are torn, and their bodies are bruised and battered.

\* \* \* \* \* \*

MR. MEINERS: I'm out of time. I told you during voir dire that you are the conscience of the community. You decide what's right and what's wrong. You are the most important part of law enforcement. You are more important than any police officer, any prosecuting attorney, or any judge because only you can send out a message. Only you can tell the women of this community that if things like this happen to them and the State brings you in evidence—you've seen 55 exhibits in three days of testimony—that that woman has a right to have her dignity restored. And that woman has a right not to be violated. And when that happens to her, the person that's done it is going to be punished.

That's what we expect, and that's what [S.H.] expects, and that's what the mothers and daughters of this community demand. Thank you.

We find nothing to satisfy the stringent requirements of plain error review in the record before us. Point denied.

Appellant next alleges the trial court erred by defining the term "beyond a reasonable doubt" as that which leaves the jury "firmly convinced" of the defendant's guilt. Both this court and the Missouri Supreme Court have addressed and denied this argument on occasions too numerous to mention. Point denied.

Appellant's last point concerned the denial of his Rule 29.15 motion, in which he alleges ineffective assistance of counsel for failing to object to the State's closing argument. Appellate review of a post-conviction relief motion is limited to a determination of whether the findings of fact and conclusions of law of the motion court are clearly erroneous. Rule 29.15(j); *State v. Yarber,* 829 S.W.2d 479, 482 (Mo.App., E.D. 1992). "The motion court's findings and conclusions are deemed clearly erroneous only if, after reviewing the entire record, the appellate court is left with a definite and firm impression that a mistake has been made." *Id.*

We are left with no such impression here. A trial court has wide discretion in controlling closing argument, and wide latitude is accorded counsel in their summaries. *State v. McDonald,* 661 S.W.2d 497, 506 (Mo. banc 1983). Arguments by the State in the case before us did not unjustly attack defense counsel, did not imply special knowledge of the defendant's guilt, and properly pointed to the need for strict law enforcement and the jury's duty in that context. Moreover, failure to object during closing argument is more likely a function of trial strategy than of error. *See State v. Wood,* 719 S.W.2d 756, 759–60 (Mo. banc 1986). Defense counsel can hardly be found ineffective for failing to lodge a non-meritorious objection. No error is apparent. Point denied.

The judgment of the trial court is affirmed in all respects.

SMITH, J., and BLACKMAR, Senior Judge, concur.