**STATE of Missouri, Respondent,**

v.

**Anthony JACKSON, Appellant.**

**Anthony JACKSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 59669, 61883.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 9, 1993.

Emily Blood, St. Louis, for appellant.

William L. Webster, Atty. Gen., Michael J. Spillane, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his conviction for one count of robbery in the first degree, two counts of burglary in the first degree, one count of felonious restraint, one count of murder in the second degree, one count of kidnapping, and three counts of armed criminal action.

The charges in this case arose out of two separate incidents. The first incident oc- curred on September 30, 1989 at approxi- mately 9:30 p.m. At that time, Defendant tricked his way into the house of Anna To- land, a 60–year–old woman confined to a wheelchair, by misidentifying himself as her neighbor. Defendant pushed Toland's wheel- chair into the bathroom and locked the door so she was unable to get out. He then stole several items of jewelry, watches, coins, and two television sets.

The second incident occurred on October 3, 1989. Defendant then entered the home of Oscar Clendening, a 78–year–old man. De- fendant obtained a knife from the kitchen and ordered Clendening into his bedroom. Defendant then used a telephone cord to bind the wrists of Clendening and also gagged him with a piece of T-shirt. Defen- dant then stole $18, some miscellaneous pa- pers, and Clendening's car. Clendening was discovered the next day by his neighbor after he fell down a flight of stairs. He later died from complications caused by the restraint. Defendant later confessed on tape he had committed the crimes.

Ten charges were filed against Defendant in connection with the two incidents. The Defendant did not testify and presented no evidence in his own defense. A jury convict- ed him of nine of the ten charges and he was sentenced to life imprisonment plus 30 years plus 15 years plus three terms of three years each. The sentences were to run consecu- tively. Defendant appealed. He also filed a Rule 29.15 motion for postconviction relief, which the motion court denied after an evi- dentiary hearing. Defendant also appeals that denial. Both appeals were consolidated.

Defendant first alleges the trial court erred in denying his motion to quash the jury panel or disallow the prosecutor's perempto- ry strikes of three African–American venire- persons. At trial, Defendant made a timely *Batson* objection to said strikes. The trial court denied Defendant's challenge because three blacks remained on the jury panel. The trial court did err in failing to require the prosecutor to state his race-neutral rea- sons for the strikes and in failing to consider those reasons in its determination of whether the prosecutor exercised his strikes in a dis-

criminatory manner. *State v. Parker*, 836 S.W.2d 930, 939[12] (Mo. banc 1992); and *State v. Antwine*, 743 S.W.2d 51, 64[14] (Mo. banc 1987). Therefore, we must remand to the trial court for an evidentiary hearing at which the court must require the prosecutor to state his reasons for the use of his peremptory strikes. The court should also follow the guidelines set forth in *Parker* to determine whether the prosecutor's strikes were racially motivated. *Parker*, 836 S.W.2d at 939–40[12–14].

■ Defendant's second point on appeal is the trial court erred in denying his motions for judgment of acquittal made at the close of the State's case and at the close of all the evidence. Defendant argues there was insufficient evidence to show he committed three counts of armed criminal action in connection with his entrance to Clendening's home. Our review is limited to whether sufficient evidence appears in the record "to permit the rational trier of fact to return a verdict of guilty...." *State v. Dudley*, 809 S.W.2d 40, 44[9] (Mo.App.1991). Furthermore, we must review the evidence in the light most favorable to the verdict. *Id.*

■ A person has committed the crime of armed criminal action if he or she commits a felony "by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon...." § 571.015, RSMo 1986. Defendant asserts the State failed to show he used a deadly weapon or dangerous instrument to aid him in commission of a felony. He argues the steak knife, the telephone cord used to tie up Clendening, and the gag were not used in such a way to fall within the definition of deadly weapon or dangerous instrument. None of the alleged items is a deadly weapon. However, a dangerous instrument is defined as "any instrument, article or substance, which, under the circumstances in which it is used, is readily capable of causing death or other serious physical injury." § 556.061(9), RSMo Supp.1992. To determine whether an object is a dangerous instrument we must look to its use under the circumstances. § 556.061(9); *State v. Terrell*, 751 S.W.2d 394, 395[1] (Mo.App.1988). A knife used in a threatening manner is a dangerous instrument. *State v. Schuler*, 838 S.W.2d 19, 20–21[3] (Mo.App.1992); and *State v. Gott*, 784 S.W.2d 344, 346[2] (Mo. App.1990). Evidence adduced regarding the knife alone was sufficient to permit the jury to find Defendant guilty of armed criminal action. Officer Linn Laird testified that during his initial interview, Defendant confessed to obtaining a steak knife from the kitchen and using it to force Clendening into the bedroom. Officer Terence Miller testified he seized the knife from Clendening's bedroom. Point denied.

Defendant also argues the trial court erred in denying his Rule 29.15 motion for postconviction relief because it failed to make findings of fact and conclusions of law on one of the issues presented. Defendant's 29.15 motion alleged, *inter alia*, that his trial counsel was ineffective for failing to object to the prosecutor's improper comments to the jury. In its order denying Defendant's motion, the trial court failed to address this point.

■ Rule 29.15(i) requires the trial court to "issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held, within thirty days of the submission of the case." Such findings and conclusions are sufficient if they permit appellate review of the judgment. *State v. Hamilton*, 817 S.W.2d 8, 11[12] (Mo.App. 1991). Further, no error exists from failure to make findings on claims unsupported by substantive evidence. *Id.* at 11–12[14]; *State v. Jennings*, 815 S.W.2d 434, 449[34] (Mo. App.1991).

■ Defendant alleges the following prosecutorial comments constitute error:

And what evidence do we have that Anthony Jackson did it? We have him in both locations. Mrs. Toland said she could identify a picture of him. We have the tape. And he's attacked the tape. Mr. Naccarato has attacked the tape. I don't know on what basis. You didn't hear anything about rehearsals or mistreatment. You didn't hear anything of that type.

To obtain relief for his counsel's failure to object, Defendant was required to show the objection would have been meritorious. *Ruff v. State*, 815 S.W.2d 460, 465[12] (Mo.App. 1991). The rule against prosecutorial com-

ment on Defendant's failure to testify applies only to direct references. *State v. Sidebottom,* 753 S.W.2d 915, 920[6] (Mo. banc 1988); and *State v. Clifford,* 815 S.W.2d 3, 8 [8, 9] (Mo.App.1991). The prosecutor's general statement about Defendant's lack of evidence rebutting the taped confession is not a direct reference to Defendant's failure to testify. Rather, it is a reference to Defendant's failure to produce any evidence and is allowed. *Clifford,* 815 S.W.2d at 8 [8, 9]. Defendant failed to present any substantive evidence that an objection to the prosecutor's statements in closing would have been meritorious. As such, the trial court did not err in failing to address this issue in its findings of fact and conclusions of law. Point denied.

Remanded for the purpose of an evidentiary hearing on Defendant's *Batson* motion in accordance with *State v. Parker,* and affirmed in all other respects.

AHRENS, P.J., and REINHARD, J., concur.