

# Missouri Court of Appeals

## Southern District

### Division Two

STATE OF MISSOURI,             )
                                      )

    Plaintiff-Respondent,    )
                                      )

v.                            )      No. SD36382
                                      )      Filed:  December 11, 2020

GUSTAVO VENZEZ HERNANDEZ,    )
                                      )

    Defendant-Appellant.    )

### APPEAL FROM THE CIRCUIT COURT OF IRON COUNTY

#### Honorable Kelly W. Parker, Circuit Judge

### AFFIRMED

Following a jury trial, Gustavo Hernandez (Defendant) appealed from his conviction of the class C felony of second-degree domestic assault. *See* § 565.073.[1] Defendant contends the trial court plainly erred in three respects:  (1) by failing to submit to the jury a proper verdict form to find Defendant guilty of second-degree domestic assault; (2) by failing to accept the jury's verdict that Defendant was not guilty of second-degree domestic assault; and (3) by failing to sustain Defendant's objection to the State asking a detective whether Defendant "should know where [his] brother is" because "the question improperly shifted the

---

[1]  All statutory references are to RSMo Noncum. Supp. (2014).  All rule references are to Missouri Court Rules (2020).

burden of proof to [Defendant] to provide his brother's testimony in his own prosecution." Finding no merit in any of these points, we affirm.

Defendant was originally charged by amended information with the class A felony of first-degree domestic assault. The charge stemmed from events occurring in January 2016. The information alleged that Defendant knowingly caused serious physical injury to his girlfriend, T.L.M. (Victim), by stabbing her. Victim was stabbed in the eye, cheek, neck, and breast.

The case was tried to a jury in August 2018. In addition to submitting first-degree domestic assault, the State requested a lesser-included instruction on second-degree domestic assault. After Defendant was found guilty of the lesser-included offense, he was sentenced to seven years' imprisonment. This appeal followed. Additional facts will be included below as we address Defendant's three points on appeal.

Defendant recognizes that none of his points were preserved and requests plain error review pursuant to Rule 30.20. "[A]ll errors – whether statutory, constitutional, structural, or based in some other source – are subject to the same treatment under this Court's plain error framework." *State v. Brandolese*, 601 S.W.3d 519, 529 (Mo. banc 2020); *see* Rule 30.20. The threshold issue in plain error review is whether the trial court's error was facially "evident, obvious, and clear." *State v. Wood*, 580 S.W.3d 566, 579 (Mo. banc 2019) (citation omitted). If there was evident error, only then will this Court consider whether that error "resulted in a manifest injustice or miscarriage of justice." *Id*. To obtain a new trial on direct appeal based on a claim of plain error, the defendant must show that the error was "outcome determinative[.]" *State v. Baxter*, 204 S.W.3d 650, 652 (Mo. banc 2006); *Wood*, 580 S.W.3d at 579. An appellate court should not engage in plain error review pursuant to Rule 30.20, unless the defendant meets his or her burden of establishing facially substantial grounds for

2

believing that the alleged error resulted in a manifest injustice or miscarriage of justice. ***Brandolese***, 601 S.W.3d at 525-26; ***State v. Pulliam***, 606 S.W.3d 243, 245 (Mo. App. 2020).

*Points 1 and 2*

Defendant's first two points contend the trial court plainly erred in failing to: "submit to the jury the proper verdict form" to find Defendant guilty of second-degree domestic assault (Point 1); and "accept the jury's verdict" that Defendant was not guilty of second-degree domestic assault (Point 2). The following facts are relevant to these points.

At the instruction conference, the State submitted the lesser-included instruction on second-degree domestic assault, and defense counsel did not object. The trial court informed the parties it was going to need a different verdict form that would allow the jury to return a verdict of not guilty of both first and second-degree domestic assault. The trial court explained it needed a standard verdict form that says "we, the jury, find the defendant not guilty." The court further explained: "Because we have a lesser included submission … you can only return one verdict, so we have to have just a generic not guilty for the charge." The trial court then drafted a general not-guilty verdict form. Neither party objected to the use of this verdict form, which stated:

VERDICT FORM

We, the jury, find [Defendant] not guilty.

This verdict form was provided to the jury for use in its deliberations.

In addition, the trial court provided a verdict form for finding Defendant guilty of first-degree domestic assault, which stated:

VERDICT FORM

We, the jury, find [Defendant] guilty of domestic assault in the first degree, as submitted in Instruction No. 5.

3

This verdict form was provided to the jury.

Finally, the trial court drafted a correct verdict form for finding Defendant guilty of domestic assault in the second degree, but that verdict form was inadvertently not provided to the jury. Instead, the trial court mistakenly provided the jury with a verdict form to find Defendant *not* guilty of that offense. It stated:

VERDICT FORM

> We, the jury, find [Defendant] not guilty of domestic assault in the second degree, as submitted in Instruction No. 6.

This was the only verdict form signed by the jury.

When the jury returned its decision, the trial court realized there was a "problem as to the verdict forms." At a bench conference with the prosecutor and defense counsel, the court stated, "I don't know what the verdict of the jury is." The court explained that, instead of "two guiltys" of either first or second-degree domestic assault, and "one not guilty" of both, the court submitted the opposite (only one guilty and two not guiltys):

> THE COURT: … The bailiff has announced that the jury has a verdict and has provided me with the instructions and the verdict forms. However, I noticed that we have a problem as to the verdict forms. I believe we were supposed to submit and I thought we did … I know I shuffled these papers around quite a bit during closing arguments and I may have done something but we submitted a not guilty and we have two guiltys, one for domestic assault in the first degree and one guilty for domestic assault in the second degree, but we submitted a not guilty domestic assault in the second degree. So I don't know what the verdict of the jury is.
>
> [DEFENSE COUNSEL]: Should we poll them, what do we do?
>
> THE COURT: I can inquire of the jury or I can give them new verdict forms or I can hear suggestions from counsel.
>
> [DEFENSE COUNSEL]: Inquire of the jury.
>
> THE COURT: [Prosecutor]?
> ….

4

[DEFENSE COUNSEL]: Is there a way to inquire of the jury as to both counts?

THE COURT: I can inquire of them as to both counts.

[PROSECUTOR]: I'm fine with that.

[DEFENSE COUNSEL]: I'll go with what he said.

THE COURT: I think I'd ask the jury foreperson and I'll try to get through it if both counsel are agreeable to me asking the questions I will.

[DEFENSE COUNSEL]: Yes sir I am.

[PROSECUTOR]: Yes that's fine.

Back in open court with the jury, the court spoke to the jury foreperson (Foreperson). The court explained its error in giving the jury the verdict form of "not guilty" of second-degree domestic assault because the court already gave "a not guilty form for both charges." The trial court told Foreperson:

> I realize that I made an error, I submitted to you three verdict forms. One says we, the jury, find [Defendant] not guilty. That was a correct form. Then I should have submitted two verdict forms to allow you to find him guilty of either domestic assault in the first degree or guilty of domestic assault in the second degree. The verdict form I incorrectly submitted to you that you signed is we, the jury find [Defendant] not guilty of domestic assault in the second degree. That is the verdict form signed by [Foreperson]. I can tell you that I should not have provided you with that copy because I already gave you a not guilty form for both charges.

The trial court asked Foreperson what the jury's verdict was as to first-degree domestic assault, and he stated "not guilty." The other jurors nodded in agreement when the trial court inquired whether that was a unanimous verdict. The trial court next inquired what the jury's verdict was as to second-degree domestic assault, and Foreperson stated the verdict was "guilty." The other jurors all said "yes" when the trial court inquired whether that was a unanimous verdict.

5

After inquiring of Foreperson what the jury's verdict was, the trial court called the prosecutor and defense counsel to the bench and asked how they would like to proceed. Both stated they were "comfortable" with the court further inquiring of Foreperson, and polling the jurors as to their verdict, on the record. Back in open court, the trial court inquired of Foreperson and polled each juror as to their decision. Each juror informed the court that the jury had found Defendant not guilty of the original charge of domestic assault in the first degree, but guilty of the lesser-included offense of domestic assault in the second degree. Following this inquiry, the trial court concluded that the "true verdict" of the jury was "guilty of domestic assault in the second degree, as submitted in Instruction Number 6." The court pronounced that it "accepts the guilty verdict of the jury as to that charge." When the court acknowledged its mistake, defense counsel informed the court that she was "satisfied that the court cured any potential defect relative to that matter."[2]

Point 1 contends the trial court plainly erred in failing to submit the proper verdict form to find Defendant guilty of second-degree domestic assault, and in submitting to the jury the verdict form to find him not guilty of second-degree domestic assault. According to Defendant, this error "resulted in the trial court not accepting the jury's verdict finding [Defendant] not guilty of second-degree domestic assault resulting in a manifest injustice." We disagree.

"Alleged errors in verdict forms are not treated as errors in instructions." *M.P. Indus., Inc. v. Axelrod*, 706 S.W.2d 589, 592 (Mo. App. 1986). "Instructional deviation from MAI is presumed prejudicial, but parties complaining of deviations in verdict forms must show prejudice." *Id.*; *State v. Pelz*, 845 S.W.2d 561, 565 (Mo. App. 1992). For the following

---

[2] In Defendant's motion for new trial, he did not raise any issue with respect to submission of the incorrect verdict form.

6

reasons, Defendant has failed in his burden to show any prejudice from the error, much less the outcome-determinative prejudice required to establish manifest injustice or miscarriage of justice. *See Wood*, 580 S.W.3d at 579.

The *Pelz* case similarly involved an issue with an incorrect verdict form. There, a jury convicted the defendant of the class C felony of victim tampering, and the class D felony of unlawful use of a weapon. *Pelz*, 845 S.W.2d at 563. He was sentenced to five years imprisonment and six months in the county jail. *Id*. at 562. After finding the defendant guilty, the jury filled in the pre-printed verdict form patterned after the appropriate instruction, and only had to write in the punishment they assessed. *Id*. at 564-65. Although the verdict form purported to find the defendant guilty of tampering, it punished him for unlawful use of a weapon. *Id*. This error in the verdict form was brought to the trial court's attention and acknowledged by the court before the jury was dismissed. *Id*. at 565. The trial court, however, "took no steps to correct the verdict or resolve the inconsistency" because the defendant's attorney "stood silent" on the issue. *Id*. On appeal, the western district of this Court affirmed the defendant's convictions and sentences, noting that the defendant's silence, "operating as an acceptance of the verdict," waived any further review of the issue. *Id*.

As in *Pelz*, the trial court did not recognize the jury had been provided the wrong verdict form until it received the verdict forms from the jury. At that point, the court informed the parties, "I don't know what the verdict of the jury is." Unlike *Pelz*, however, defense counsel was not silent, but asked that the court inquire of the jury as to its verdict on "both counts." Thereafter, the court: (1) questioned Foreperson to establish that the jury's true verdict was that Defendant had been found guilty of second-degree domestic assault; and (2) questioned each individual juror, and each juror stated on the record that their verdict found Defendant not guilty of first-degree domestic assault and guilty of second-degree domestic

7

assault. Because every single juror stated explicitly that the jury found Defendant guilty of second-degree domestic assault, Defendant cannot show any prejudice from the erroneous verdict form. Further, after the trial court acknowledged and corrected its mistake, defense counsel informed the court that she was "satisfied that the court cured any potential defect relative to that matter." Defendant has failed to meet his burden of establishing facially substantial grounds to believe the trial court's error in submitting the incorrect verdict form resulted in manifest injustice.[3] Accordingly, Point 1 is denied.

Point 2 contends the trial court plainly erred in failing to accept the jury's verdict that Defendant was not guilty of second-degree domestic assault because the "final verdict form did not contain defects, inconsistencies or ambiguities requiring the trial court's further action." According to Defendant, the court "had no reason to further question the jurors as to their verdict." We disagree.

A "trial court has a duty to examine the verdict returned by the jury for defects, inconsistencies and ambiguities." *State v. Dorsey*, 706 S.W.2d 478, 480 (Mo. App. 1986); *State v. Zimmerman*, 941 S.W.2d 821, 824 (Mo. App. 1997); *see Pelz*, 845 S.W.2d at 565 ("the law places upon the trial court the obligation of examining a verdict for defects and seeing that it is in the proper form"). Here, the trial court could not determine what the verdict actually was because: (1) the jury had not used the general, not-guilty verdict form; and (2) the jury had not indicated whether it found Defendant guilty of first-degree domestic assault. Given these questions, not only was the trial court correct in refusing to accept the jury's

---

[3] Defendant's reliance on *State v. Davis*, 318 S.W.3d 618 (Mo. banc 2010), *State v. Beeler*, 12 S.W.3d 294 (Mo. banc 2000), *State v. Lashley*, 667 S.W.2d 712 (Mo. banc 1984), and *State v. Plunkett*, 473 S.W.3d 166 (Mo. App. 2015), is misplaced because each of those cases involved instructional error, and/or was reviewed under a different standard of review. Here, Defendant has not claimed any instructional error, and could not because defense counsel did not object to the instructions as required by Rule 28.03.

verdict, it was the court's duty to do so. *See, e.g.*, **State v. Peters**, 855 S.W.2d 345, 348 (Mo. banc 1993) (when a jury returns a verdict in improper form, it is the duty of the trial court to refuse to accept the same); **Pelz**, 845 S.W.2d at 565.[4] Thus, contrary to Defendant's argument, the court had ample reason to question the jurors as to their verdict. Because Defendant failed to establish an "evident, obvious and clear" error, the trial court did not plainly err in refusing to accept the jury's verdict. Point 2 is denied.

*Point 3*

Defendant's third point contends the trial court plainly erred in failing to sustain Defendant's objection to the State asking a detective whether Defendant "should know where his brother is[.]" The following facts are relevant to this point.

At trial, defense counsel cross-examined the investigating detective, Detective Gibbs (Det. Gibbs). Defense counsel repeatedly asked whether police had contacted Defendant's brother (Brother). According to Victim's statement, she identified Brother as a person who tried to help her when Defendant attacked her. Defense counsel asked Det. Gibbs whether: (1) police had spoken with Brother; (2) police knew where Brother worked; and (3) police spoke with Brother when he was in custody on charges unrelated to this case. On redirect,

---

[4] In the argument portion of his brief, Defendant goes on to argue that "the trial court should have required further deliberations with correct instructions and verdict forms." This argument fails for several reasons. Defendant has not raised any issue of instructional error, and because he failed to make the proper objection at trial, he could not raise such a claim on appeal. *See* Rule 28.03. Moreover, the trial court did offer to give the jury new verdict forms, but defense counsel opted instead to "[i]nquire of the jury." Defendant "cannot now convict the trial court of error as to a procedure to which his counsel agreed." **State v. Mayes**, 63 S.W.3d 615, 632 n.6 (Mo. banc 2001); *see* **State v. Nickels**, 598 S.W.3d 626, 634 (Mo. App. 2020) (although plain error review is discretionary, this Court will not use plain error to impose a *sua sponte* duty on the trial court to correct a defendant's invited errors); *see also* **State v. Pickens**, 332 S.W.3d 303, 319 n.14 (Mo. App. 2011) (a party cannot complain on appeal about a procedure adopted in the trial court at his or her own request, nor may an appellant complain of alleged error, which by such person's conduct at trial, he or she joined in or acquiesced or invited).

9

the prosecutor asked Det. Gibbs whether Brother was Defendant's brother, and whether it was "apt that a brother would know where his brother is?" Defense counsel objected, arguing this question was improper burden shifting, implying the defense had the burden to "present [Brother] in the State's case in chief."

At the bench conference that followed, the trial court informed defense counsel that she had asked questions intending to show the State had a witness available to them that they did not call. The prosecutor told the trial court that he believed defense counsel was implying the State had a witness who was available but they chose not to call, and defense counsel disagreed. The trial court asked the prosecutor if he had "anything else on this[,]" which he did not, and then the court overruled the objection and told the prosecutor to "go ahead and move on." In the State's closing statement, the prosecutor did not mention anything regarding the defense not calling Brother as a witness. In defense counsel's closing, she stated "[t]here's too much we haven't heard, there's too much that we don't know. We don't know what [Brother] would have said."

Point 3 contends the trial court plainly erred in failing to sustain Defendant's objection to the State asking Det. Gibbs whether Defendant should know where his brother is because "the question improperly shifted the burden of proof to [Defendant] to provide his brother's testimony in his own prosecution." We find no merit in this argument.

In a criminal case, the State may not argue an adverse inference from the defendant's failure to call a witness if the witness appears equally available to both the State and the defendant. *State v. Dudley*, 809 S.W.2d 40, 42 (Mo. App. 1991). An exception to this rule exists, however, where the State makes such an argument in "retaliation" to a similar argument made by the defendant. *State v. Harper*, 481 S.W.3d 915, 918 (Mo. App. 2016). Appellate courts may not convict the trial court of error in this situation unless the State's

10

argument is "plainly unwarranted[,]" and the defendant bears the burden of showing that the State's argument had a "decisive effect" on the jury's verdict. *Dudley*, 809 S.W.2d at 42.

Here, even assuming *arguendo* that the trial court erred in overruling this objection, Defendant's argument lacks merit because he cannot show that the State's argument had a "decisive effect" on the jury's verdict. *Id*. The prosecutor only asked a single question on this issue. After asking that question, defense counsel objected. During the bench conference that followed, the trial court asked if the State had "anything else on this[,]" which it did not, and the court then directed the prosecutor to "move on." Further, while defense counsel argued the absence of Brother's testimony to Defendant's advantage, the State did not argue this issue in any portion of its closing statement. Thus, even if the trial court erred in denying this objection, Defendant failed to meet his burden of showing that the State's single question had a decisive effect on the jury's verdict. *See Harper*, 481 S.W.3d at 918. Because Defendant failed to establish the requisite prejudice, he cannot show the alleged error resulted in a manifest injustice or miscarriage of justice. *Brandolese*, 601 S.W.3d at 525-26. Point 3 is denied.

The judgment of the trial court is affirmed.


JEFFREY W. BATES, C.J./P.J. – OPINION AUTHOR

GARY W. LYNCH, J. – CONCUR

MARY W. SHEFFIELD, J. – CONCUR